# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| ANA ORTEGA, | * | |
| | * | No. 12-703V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: August 13, 2014 |
| | * | |
| SECRETARY OF HEALTH | * | Damages; decision based on proffer; |
| AND HUMAN SERVICES, | * | influenza ("flu") vaccination; |
| | * | shoulder injury. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner;
Tara J. Kilfoyle, United States Department of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

     On October 17, 2012, Ana Ortega filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that influenza ("flu") vaccination caused her to suffer a shoulder injury. Ms. Ortega was found entitled to compensation under the Vaccine Act. Ruling, 2013 WL 5819659 (Fed. Cl. Spec. Mstr. Oct. 4, 2013).

     On August 5, 2014, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioner is entitled to an award as stated in

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

the Proffer.  Pursuant to the Proffer, attached hereto as "Appendix A", the court awards petitioner:

**A. A lump sum payment of $317,146.70, representing life care expenses for Year 1 ($21,899.00), compensation for lost future earnings ($133,978.00), compensation for past unreimbursed expenses ($773.71) and pain and suffering ($160,487.00), in the form of a check payable to Ana Ortega; and**

**B. An amount sufficient to purchase an annuity contract, subject to the conditions described in the attached proffer (attached as Appendix A), that will provide payments for the life care items contained in the life care plan, as illustrated by the proffer's chart, and paid to the life insurance company from which the annuity will be purchased. Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent payments shall be provided through respondent's purchase of an annuity, which annuity will make payments directly to the petitioner, Ana Ortega, only so long as Ana Ortega is alive at the time a particular payment is due. The "annual amounts" set forth in the proffer's chart describe the total year sum to be paid and do not require that the payment be made in one single payment.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Marc Langston, at (202) 357-6392.

**IT IS SO ORDERED.**

                                              s/ Christian J. Moran
                                              Christian J. Moran
                                              Special Master

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ANA ORTEGA, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 12-703V |
| v. ) | Special Master Christian J. Moran |
| ) | ECF |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Items of Compensation**

    **A.      Life Care Items**

The respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of petitioner's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine injury" is as described in the Special Master's Ruling on Entitlement issued on October 4, 2013.  All items identified in the joint life care plan are supported by the evidence and are illustrated by the chart entitled **Appendix A: Items of Compensation for Ana Ortega**, attached hereto as Tab A[1]**.**  Respondent proffers Ana Ortega should be awarded all items of compensation set forth in the joint life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

Respondent further proffers that the appropriate growth rate for life care items of

---

[1] The chart at Tab A illustrates the annual benefits provided by the joint life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

1

compensation should be four percent (4.0%) for non-medical items and six percent (6.0%) for medical items, compounded annually from the date of judgment, as set forth in **Tab B: Annuity Funding Portfolio.**  Petitioner agrees.

    B.    **Lost Earnings**

The parties agree that based upon the evidence in the record, Ana Ortega has suffered a loss of earnings related to her vaccine injury and that it is unlikely that she will be gainfully employed in the future.  Therefore, respondent proffers that petitioner should be awarded compensation for actual and anticipated loss of earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Ana Ortega's past and future lost earnings is $133,978.00.  Petitioner agrees.

    C.    **Pain and Suffering**

Respondent proffers that Ana Ortega should be awarded $160,487.00 in actual and projected pain and suffering.[2]  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    D.    **Past Unreimbursable Expenses**

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that the petitioner is entitled to past un-reimbursed expenses in the amount of $773.71.  Petitioner agrees.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

E.   **Medicaid Lien**

The New York City Human Resources Administration has represented to counsel for petitioner and respondent that there are no outstanding Medicaid liens against petitioner. Based upon this information, petitioner represents that there are no outstanding Medicaid liens against her. Petitioner agrees.

F.   **Attorney's Fees and Costs**

This proffer does not address final attorneys' fees and costs. Petitioner is entitled to reasonable attorneys' fees and costs, to be determined at a later date upon petitioner filing substantiating documentation.

II.  **FORM OF THE AWARD**

The parties recommend that the compensation provided to Ana Ortega for her future medical care needs should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment reflect the following items of compensation.

Respondent proffers and Petitioner agrees that an award of compensation include the following elements:

A.   A lump sum payment of $317,146.70, representing life care expenses for Year 1 ($21,899.00), compensation for lost future earnings ($133,978.00), compensation for past un-reimbursed expenses ($773.71) and pain and suffering ($160,487.00), in the form of a check payable to Ana Ortega.

B.   An amount sufficient to purchase an annuity contract,[3] subject to the conditions

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts

3


described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, and paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent payments shall be provided through respondent's purchase of an annuity, which annuity will make payments directly to the petitioner, Ana Ortega, only so long as Ana Ortega is alive at the time a particular payment is due. The "annual amounts" set forth in **Tab B** describe the total year sum to be paid and do not require that the payment be made in one single payment.

The parties agree that Ana Ortega is a competent adult and that no Guardians/Conservators of her Estate will be required.

1. <u>Growth Rates</u>

Respondent proffers that a four percent (4.0%) growth rate should be applied to all non-medical life care items and a six percent (6.0%) growth rate should be applied to all medical life

---

from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

care items. The benefits illustrated in the chart at **Tab B** that are to be paid through annuity payments should grow as follows: four percent (4.0%) compounded annually from the date of judgment and six percent (6.0%) compounded annually from the date of judgment. Petitioner agrees.

    2.    <u>Life-contingent Annuity</u>

Ana Ortega will continue to receive the annuity payments for future medical care from the Life Insurance Company only so long as Ana Ortega is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be made within twenty (20) days of Ana Ortega's death.

**III.**    **SUMMARY OF RECOMMENDED PAYMENTS FOLLOWING JUDGMENT**

    A.    Lump Sum paid to Ana Ortega: **$317,146.70.**

    B.    An amount sufficient to purchase the annuity contract described above in section II. B.

    Respectfully submitted,

    STUART F. DELERY
    Assistant Attorney General

    RUPA BHATTACHARYYA
    Director
    Torts Branch, Civil Division

    VINCENT J. MATANOSKI
    Deputy Director
    Torts Branch, Civil Division

    LYNN E. RICCIARDELLA
    Senior Trial Attorney
    Torts Branch, Civil Division

                                      <u>s/Tara J. Kilfoyle</u>
                                      TARA J. KILFOYLE
                                      Trial Attorney
                                      Torts Branch, Civil Division
                                      U.S. Department of Justice
                                      Ben Franklin Station, P.O. Box 146
                                      Washington, D.C. 20044-0146
                                      Tel.:  (202) 514-9729

DATE: August 5, 2014